IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PURE FISHING, INC. AND PENN FISHING TACKLE MFG. CO.,<br><br>Plaintiffs,<br><br>v.<br><br>MBJY INC.,<br><br>Defendant. | Case No.: 3:24-cv-07029-SAL<br><br>**ORDER** |

This matter is before the court on the motion to dismiss filed by Defendant MBJY Inc. [ECF No. 21.] Plaintiffs Pure Fishing, Inc. and Penn Fishing Tackle Mfg. Co. filed a response in opposition, ECF No. 23, and Defendant has replied, ECF No. 26. This matter is fully briefed and ripe for the court's review.

**BACKGROUND**

Plaintiffs are affiliated corporations in the fishing industry that manufacture and sell fishing products under the trademarked PENN brand. *See* ECF No. 17 ¶¶ 8–9. To ensure the quality of PENN products, Plaintiffs maintain a network of authorized dealers. *Id.* ¶¶ 18–20. These dealers are carefully selected by Plaintiffs and must abide by Plaintiffs' quality controls. *Id.*

Defendant is an online seller that operates an Amazon storefront offering various used, closed-out, liquidated, and customer-returned goods, including PENN products. *Id.* ¶¶ 10, 24. Defendant is not an authorized dealer. *Id.* ¶ 22. Yet Defendant advertises PENN products in "new" condition. *Id.* ¶ 25. Defendant has received several reviews from customers who ordered "new" products from Defendant and then received used products or products in tampered condition. *Id.*

¶¶ 35–40. Additionally, Plaintiffs allege Defendant is manipulating Amazon's review system by misattributing negative reviews to the fulfillment service so that the reviews are removed from Defendant's overall score. *Id.* ¶¶ 47–64.

Plaintiffs contend these facts show Defendant advertises "new" PENN products for sale when they are "used, closed out, liquidated, counterfeit, customer returns or non-genuine and non-authentic products." *Id.* ¶ 29. They claim this false advertising has resulted in various injuries, including lost profits, damage to their goodwill, and consumer confusion and disappointment. *Id.* ¶¶ 93–95.

The amended complaint asserts claims for false advertising, violations of the South Carolina Trade Practices Act ("SCUTPA"), and violations of the California Unfair Competition Law ("UCL"). *See id.* ¶¶ 81–115. Defendant moves to dismiss the amended complaint on the grounds that Plaintiffs failed to state claims for which the court can grant relief under Fed. R. Civ. P. 12(b)(6). [ECF No. 21.]

## LEGAL STANDARD

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint[.]" *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiffs. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Iqbal*, 556 U.S. at 662 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). But mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Indeed, though the court must accept all factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Twombly* at 555 (internal quotation marks omitted)).

## DISCUSSION

Defendant argues that each claim in the amended complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6). [ECF No. 21.]

### I. Extrinsic Evidence

In arguing its motion, Defendant relies on evidence outside the amended complaint. [ECF No. 21 at 3, 14–15; ECF No. 26 at 13–16.] The court will not consider this extrinsic evidence. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) ("Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment."); *see also Goines v. Valley Cmty. Servs.* Bd., 822 F.3d 159, 165–66 (4th Cir. 2016) (finding a court's evaluation of a motion to dismiss is "generally limited to a review of the allegations of the complaint itself").

However, the court may consider documents attached to Defendant's motion if they are integral to the complaint and their authenticity is undisputed. *Goines*, 822 F.3d at 166. Here, Exhibit C (the "Exhibit") meets these criteria. *See* ECF No. 10-3. The Exhibit is integral because

the amended complaint directly quotes the consumer reviews within the Exhibit to support Plaintiffs' allegations regarding Defendant's sales practices. *See* ECF No. 17 ¶¶ 36–40; *see also Williams v. Centerra Grp.*, LLC, No. 1:20-CV-04220-SAL, 2021 WL 4227384, at *3 (D.S.C. Sept. 16, 2021) (holding an extrinsic document is integral to the complaint if the plaintiff's claims turn on its contents). Nor do Plaintiffs challenge the Exhibit's authenticity.

The Exhibit demonstrates that four of the five reviews quoted in the amended complaint relate to non-PENN products. [ECF No. 17 ¶¶ 37–40; ECF No. 10-3.] In this scenario, "crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167; *see also Williams*, 2021 WL 4227384, at *3 ("[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached, the exhibit prevails."). Accordingly, the court treats those four reviews as referring to non-PENN products and the remaining review as referring to a PENN product.

## II. False Advertising under 15 U.S.C. § 1125(a)

Plaintiffs allege that Defendant engaged in false advertising in violation of the Lanham Act. [ECF No. 17 ¶¶ 81–88.] To state a false advertising claim, Plaintiffs must allege (1) Defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about its own or another's product that (2) is material and (3) actually deceives or has the tendency to deceive a substantial segment of its audience (4) after being placed in interstate commerce, (5) causing Plaintiffs injury. *First Data Merch. Servs. Corp. v. SecurityMetrics, Inc.*, 672 F. App'x 229, 234 (4th Cir. 2016). Defendant challenges elements one and five.[1]

### A. False Representation

[1] As Defendant does not challenge the second, third, or fourth elements of Plaintiffs' false advertising claim, the court does not address the sufficiency of those elements.

Defendant contends Plaintiffs have not adequately alleged a false representation because the specific reviews cited in the amended complaint relate to non-PENN products. *See* ECF No. 26 at 4. The court disagrees.

As discussed above, one review relates to a PENN product. *See supra* § I. Further, Plaintiffs allege Defendant sells PENN products outside the authorized dealer network and cannot lawfully obtain genuine new inventory. *See* ECF No. 17 ¶¶ 24–25. Moreover, Plaintiffs assert Defendant's business model includes representing used or returned items as "new," which is supported by numerous customer reviews. *Id.* ¶¶ 35–41. Accepting these facts as true, Plaintiffs have plausibly alleged that Defendant falsely represented used PENN products as new.

**B. Proximate Cause**

Next, Defendant argues Plaintiffs have not plausibly alleged proximate cause.[2] [ECF No. 21 at 7.] Defendant relies on *Wall & Assocs. Inc. v. Better Bus. Bureau of Cent. Virginia, Inc.*, arguing a court must dismiss a Lanham Act claim where the complaint "does not identify a single consumer who withheld or cancelled business with [plaintiff] or pointed to a particular quantum of diverted sales or loss of goodwill and reputation resulting directly from reliance on any false or misleading representations by [d]efendants ..." 685 F. App'x 277, 279 (4th Cir. 2017). *Wall*, however, does not establish a heightened pleading standard. It simply found the causal chain in that case too attenuated. *Id.* at 279.

---

[2] False advertising claims and statutory standing under the Lanham Act both require the plaintiff to establish proximate cause. *First Data Merch. Servs. Corp.*, 685 F. App'x at 234 (holding a plaintiff must establish the defendant's false representation caused its injury to bring a false advertising claim under the Lanham Act); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132–34 (2014) (finding statutory standing under the Latham Act requires a plaintiff's injuries to be proximately caused by violations of the statute).

Here, Plaintiffs allege a direct causal link. Defendant falsely advertised used PENN products as new. This violative conduct harms Plaintiffs because consumers are receiving inferior products they perceive as new, causing a loss in goodwill. *See* ECF No. 17 ¶¶ 73–76. Further, such conduct causes Plaintiffs to lose sales because, rather than purchasing new PENN products from Plaintiffs, consumers purchase what they perceive to be new PENN products from Defendant. *Id.* ¶¶ 77–78. Such alleged injuries are not too attenuated from Defendant's violative conduct. Therefore, Plaintiffs have sufficiently alleged Defendant's false advertising was the proximate cause of their injuries, and the court denies Defendant's motion to dismiss as to this claim.[3]

## III. South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10, *et seq.*

Plaintiffs also bring two SCUTPA claims based on Defendant's alleged false advertising and review manipulation. To state a SCUTPA claim, a plaintiff must allege: "(1) the defendant engaged in an unlawful trade practice; (2) the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice; and (3) the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Bessinger v. Food Lion, Inc.*, 305 F. Supp. 2d 574, 579 (D.S.C. 2003) (citing S.C. Code Ann. § 39-5-140(a)), *aff'd sub nom.* 115 F. App'x 636 (4th Cir. 2004). Defendant argues both SCUTPA claims should be dismissed for failing to satisfy these elements. [ECF No. 21 at 9.]

[3] Defendant also argues Plaintiffs fail to meet the zone of interest requirement for statutory standing under the Lanham Act. *See* ECF No. 21at 9; *see also Lexmark*, 572 U.S. at 132–33 ("We [] hold that to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales."). Defendant, however, premises its argument on the incorrect assertion that Plaintiffs seek damages from the false advertising of products they do not sell. *See* ECF No. 21 at 9. Because Plaintiffs allege no such damages in the amended complaint, Defendant's argument is unpersuasive.

**A. Unlawful Trade Practice**

First, Defendant argues the court must dismiss the false advertising SCUTPA claim because the amended complaint fails to allege Defendant engaged in an unlawful trade practice. *See* ECF No. 21 at 9; *see also* ECF No. 26 at 13. Defendant contends that, because Plaintiffs offer only conclusory allegations that Defendant improperly advertised used PENN products as new, the amended complaint lacks any well-pleaded allegation of an unlawful trade practice in the form of false advertising. *See* ECF No. 21 at 9; *see also* ECF No. 26 at 13. However, as discussed, Plaintiffs sufficiently allege a false advertising claim. *See supra* § II. Thus, Plaintiffs properly plead the first element for their false advertising SCUTPA claim.

**B. Actual, Ascertainable Damages**

Next, Defendant argues both SCUTPA claims do not satisfy the second element because Plaintiffs fail to allege they suffered actual, ascertainable damages proximately caused by Defendant's false advertising and review manipulation. *See* ECF No. 21 at 11–13. Defendant contends Plaintiffs have not alleged actual, ascertainable damages because their asserted damages of loss in goodwill and diversion of sales are conclusory with no factual enhancement to rise above mere speculation. [ECF No. 21 at 11.] The court disagrees. Plaintiffs allege Defendant's conduct has diverted sales, as consumers are purchasing what they believe to be new PENN products from Defendant rather than buying genuine new PENN products from Plaintiffs. [ECF No. 17 ¶¶ 77–78.] Plaintiffs further assert that Defendant's conduct damages their goodwill, as consumers who receive inferior PENN products under the belief the products are new wrongfully attribute the diminished quality to Plaintiffs' brand. *See id.* ¶¶ 73–76. These allegations are sufficient at the pleading stage. *See First Nat. Bank v. First Nat Bank of the South*, 2007 WL 3232116, at *2 (D.S.C. 2007) (determining allegations of lost profits and lost goodwill fulfilled the actual and

ascertainable element of a SCUTPA claim); *see also Concordia Pharms. Inc. SARL v. Lazarus Pharms. Inc.*, No. 618CV01658HMHJDA, 2019 WL 2502212, at *6 (D.S.C. May 17, 2019) (finding defendants' SCUTPA counterclaim failed to adequately allege actual and ascertainable damages when they failed to explain how the plaintiffs' conduct caused the alleged harm).

Defendant's reliance on *Muhler Co. v. Ply Gem Holdings* is misplaced because *Muhler* applied a summary judgment standard, not a Rule 12(b)(6) standard. 637 F. App'x at 748. Plaintiffs' amended complaint specifically sets forth facts explaining how Defendant's false advertising and review suppression diverts sales from Plaintiffs. Thus, the court finds Plaintiffs satisfactorily allege they suffered actual, ascertainable damages proximately caused by Defendant's unlawful trade practices.

**C. Adverse Impact on Public Interest**

Finally, Defendant argues Plaintiffs fail to plausibly allege Defendant's conduct had an adverse impact on the public interest. *See* ECF No. 21 at 13–14. In doing so, Defendant applies a heightened pleading standard, arguing Plaintiffs must allege Defendant's conduct is likely to result in substantial, non-avoidable consumer injury. *See id*. at 14 (citing 15 U.S.C.A. § 45(n)). Defendant applies the wrong standard. Plaintiffs need only allege sufficient facts to establish Defendant's conduct adversely affects the public and has the potential for repetition. *See Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 538 (D.S.C. 2014) ("Plaintiffs also fail to plead sufficient facts to establish that the alleged unlawful trade practice had an adverse impact on the public interest."); *Bessinger*, 305 F. Supp. 2d at 584 ("An unfair or deceptive trade practice has an impact upon the public interest if it has the potential for repetition." (quoting *York v. Conway Ford*, 480 S.E.2d 726, 728 (1997))). Plaintiffs allege Defendant's false advertising causes "consumer confusion by representing to consumers that the PENN Products offered [for] sale by Defendant are new when

they are not." [ECF No. 17 ¶ 73.] Plaintiffs further allege the review suppression is "to the detriment of unsuspecting customers" because it artificially inflates Defendant's feedback and positivity score on Amazon. *Id.* ¶ 68. Finally, Plaintiffs allege Defendant's misconduct is likely to deceive members of the public and is subject to repetition. *Id.* ¶¶ 93, 103. These allegations satisfy SCUTPA, and the court denies Defendant's motion to dismiss as to these causes of action.

## IV. California Unfair Competition Law

Plaintiffs' final cause of action alleges Defendant's false advertising and review manipulation violates the UCL. [ECF No. 17 ¶¶ 109–15.] To state a claim under the UCL, Plaintiffs must allege an unlawful, unfair, or fraudulent business practice. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (Cal. 2011) (citing Cal. Bus. & Prof. Code § 17200); *see also Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 83 (2013). Additionally, Plaintiffs must have standing, which requires that they "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by the unfair business practice[.]" *Kwikset Corp.*, 51 Cal. 4th at 322. Defendant argues Plaintiffs fail to adequately allege that Defendant's false advertising and review manipulation are unlawful and unfair business practices under the UCL and that they have standing to bring such claims. *See* ECF No. 21 at 15–17; *see also* ECF No. 26 at 15–16.

### A. Unlawful Business Practice

First, Defendant argues Plaintiffs fail to allege an unlawful business practice because the amended complaint contains no plausible allegations of false advertising under the Lanham Act. *See* ECF No. 21 at 15. The UCL's unlawful prong prohibits "anything that can properly be called a business practice and that at the same time is forbidden by law." *In re Adobe Sys.*, Inc. Priv. Litig., 66 F. Supp. 3d 1197, 1225 (N.D. Cal. 2014) (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles*

*Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)). As discussed above, Plaintiffs sufficiently allege a false advertising claim under the Lanham Act, *see supra* § II, which fulfills the UCL's unlawful prong. *See Meta–Film Assocs., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1362 (C.D. Cal. 1984) (concluding violative conduct under the Lanham Act is also proscribed under the UCL). Thus, Plaintiffs have alleged an unlawful business practice.

**B. Unfair Business Practice**

Next, Defendant argues Plaintiffs fail to plead an unfair business practice under the UCL because the amended complaint does not allege Defendant's review manipulation is likely to result in substantial, non-avoidable consumer injury. *See* ECF No. 26 at 15–16. Defendant relies on *In re Firearm Cases*, 126 Cal. App. 4th 959 (2005) to support this argument. *Id.* at 16. In that case, the court found 15 U.S.C. § 45(n) persuasive for determining what constituted an unfair business practice in the context of city and county officials bringing a UCL suit on behalf of consumers. *See In re Firearm Cases*, 126 Cal. App. 4th at 980–81; *see also* 15 U.S.C. § 45(n) ("The [Federal Trade] Commission shall have no authority . . . to declare unlawful an act or practice on the grounds that such act or practice is unfair unless the act or practice causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves[.]") Yet, in the context of competitors, courts apply the tethering test, which requires the conduct either be tethered to a "legislatively declared policy" protecting competition or based on "proof of some actual or threatened impact on competition." *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 166. Here, Plaintiffs provide sufficient allegations demonstrating how Defendant's review manipulation impacts competition. *See* ECF No. 17 ¶¶ 63–71. Thus, Plaintiffs have alleged an unfair business practice.

### C. Standing

Finally, Defendant argues Plaintiffs fail to plead the UCL's standing requirement because Plaintiffs' alleged injuries are too far attenuated from Defendant's violative business practices to establish proximate cause. *See* ECF No. 21 at 17. However, as established above, Plaintiffs sufficiently pleaded their injuries were proximately caused by Defendant's false advertising and review manipulation. *See supra* § III. Therefore, Plaintiffs have established standing under the UCL. The court then denies Defendant's motion to dismiss as to this cause of action.[4]

## CONCLUSION

For the reasons above, the court **DENIES** Defendant's motion to dismiss, ECF No. 21.

IT IS SO ORDERED.

Sherri A. Lydon

December 12, 2025 Sherri A. Lydon
Columbia, South Carolina United States District Judge

---

[4] Defendant also argues Plaintiffs need to allege actual reliance on deceptive or misleading statements to state a UCL claim. *See* ECF No. 21 at 16. This pleading requirement, however, applies to consumers asserting UCL claims under the fraud prong. *See KT Enterprises LLC v. Comp360 LLC*, 751 F. Supp. 3d 999, 1003 (C.D. Cal. 2023); *see also Kwikset Corp.*, 51 Cal. 4th at 888. Plaintiffs do not assert Defendant engaged in a fraudulent business practice, making this requirement inapplicable.